1  Ian N. Feinberg (SBN 88324)
   ifeinberg@mayerbrown.com
2  Joseph Melnik (SBN 255601)
   jmelnik@mayerbrown.com
3  MAYER BROWN LLP
   Two Palo Alto Square, Suite 300
4  3000 El Camino Real
   Palo Alto, CA  94306-2112
5  Telephone:    (650) 331-2000
   Facsimile:    (650) 331-2060
6  *Attorneys for Finisar Corporation*

7  Charles L. Roberts
   croberts@wnlaw.com
8  C.J. Veverka
   cveverka@wnlaw.com
9  David R. Todd
   dtodd@wnlaw.com
10 WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
   60 East South Temple, Suite 1000
11 Salt Lake City, Utah 84111
   Telephone:  (801) 533-9800
12 Facsimile:   (801) 328-1707
   *Of Counsel*

13

14                          UNITED STATES DISTRICT COURT

15                         NORTHERN DISTRICT OF CALIFORNIA

16

17 | FINISAR CORPORATION, a Delaware       | Case No. C08 03388
     corporation,
18 |                                        | COMPLAINT FOR
                   Plaintiff,                 DECLARATORY JUDGMENT AND
19 |                                        | REFUND OF ROYALTIES PAID UNDER
     v.                                       PROTEST
20 |                                        |
     JDS UNIPHASE CORPORATION, a           | DEMAND FOR JURY TRIAL
21 | Delaware corporation,

22                Defendants

23

24

25

26

27

28

COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Finisar Corporation ("Finisar") complains and alleges against defendant JDS Uniphase Corporation ("JDSU") as follows:

## PARTIES

1. Finisar is a Delaware corporation having a principal place of business at 1389 Moffett Park Drive, Sunnyvale, CA 94089.

2. On information and belief, JDSU is a Delaware corporation with its principal place of business at 430 North McCarthy Boulevard, Milpitas, CA 95035.

## JURISDICTION AND VENUE

3. This is a civil action for declaratory judgment pursuant 28 U.S.C. §§ 2201 and 2202 that Plaintiff does not infringe the Licensed Patents identified herein, and for refund of monies paid to JDSU under protest. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1338(a) as to Plaintiff's patent claims, and 28 U.S.C. §1367(a) as to Plaintiff's other claims.

4. JDSU is subject to personal jurisdiction in this District because JDSU's principal place of business is located here.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil Local Rules 3-2(c) and 3-5(b), because this is an Intellectual Property Action, it shall be assigned on a district-wide basis.

## BACKGROUND

7. In previous litigation in the District of Delaware, Picolight Inc. ("Picolight") sued Stratos Lightwave, Inc. ("Stratos"), Honeywell International Inc. ("International") and Honeywell Intellectual Properties, Inc. ("HIPI") (collectively "Honeywell") for infringement of U.S. Patent Nos. 5,903,589, 6,014,395, 6,269,109, and 6,459,713. The case was assigned Case No. 1:02-CV-00478-JJF.

8. On November 20, 2003, Picolight and Honeywell entered into a "License, Settlement and Release Agreement" ("the November 2003 Agreement"). In section 2.2 of the

-1-

November 2003 Agreement, Picolight granted a license to Honeywell "under the PICOLIGHT Licensed Patents."

9. Pursuant to section 3.1 of the November 2003 Agreement, International agreed to pay Picolight a lump-sum payment as a pre-paid royalty for sales of "the HONEYWELL Licensed Products" made through December 31, 2006. Pursuant to sections 3.2 and 3.2.1, International also agreed to pay Picolight an additional royalty if total cumulative Net Sales of "the HONEYWELL Licensed Products" between January 1, 2004 and December 31, 2006 exceeded a threshold amount.

10. Pursuant to sections 3.2 and 3.2.2 of the November 2003 Agreement, International also agreed to pay a royalty "on Net Sales of HONEYWELL Licensed Products" made on or after January 1, 2007.

11. Section 1.2 of the November 2003 Agreement defined "HONEYWELL Licensed Products" as "any product that contains or comprises VCSEL Components, the making, having made, using, selling, offering to sell, exporting, or importing of which product would infringe one or more valid and unexpired claims of the PICOLIGHT Licensed Patents but for this Agreement."

12. Section 1.10 of the November 2003 Agreement defined "VCSEL Component" as "any of the following and their equivalents: TOSAs (a.k.a. connectorized VCSELs); packaged VCSELs (such as 'TO cans'); VCSEL dice arrays; and VCSEL dice."

13. Pursuant to section 2.7 of the November 2003 Agreement, Picolight and Honeywell agreed to a Stipulated Order of Dismissal, dismissing Picolight's claims for infringement against Honeywell and against Stratos with prejudice. On November 25, 2003, the Delaware District Court entered the Stipulated Order of Dismissal.

14. On or about December 3, 2003, International made to Picolight the lump-sum payment required by section 3.1 of the November 2003 Agreement.

15. On or about January 24, 2004, Finisar entered into an Asset Purchase Agreement with Honeywell. On or about March 1, 2004, pursuant to the Asset Purchase Agreement, Honeywell conveyed all of Honeywell's interest in the November 2003 Agreement (including the

1  license granted by Picolight under section 2.2 of the November 2003 Agreement), and Finisar
2  assumed Honeywell's obligations under the November 2003 Agreement.

3      16. On or about January 29, 2007, before JDSU's acquisition of Picolight, Jerry
4  Rawls, CEO of Finisar, met with Steve Hane, CEO of Picolight, at Finisar's headquarters in
5  Sunnyvale, California. At that meeting, Mr. Rawls and Mr. Hane orally agreed that Picolight
6  would waive any obligation for Finisar to pay royalties under the November 2003 Agreement in
7  exchange for a more comprehensive cross-license that included a number of Finisar patents (the
8  "January 2007 Agreement").

9      17. Mr. Hane and Mr. Rawls each designated a person from their respective
10 companies to work together to identify the patents to be cross-licensed. Mr. Hane designated
11 Jack Jewell, Picolight's Chief Technical Officer. Mr. Rawls designated Anders Olsson, Finisar's
12 Vice President of Engineering.

13     18. At the January 29, 2007 meeting, Mr. Hane told Mr. Rawls that Finisar did not
14 need to pay any royalties under the November 2003 Agreement because they had agreed on a
15 cross-license in lieu of royalties.

16     19. Mr. Jewell and Mr. Olsson immediately began discussions in February 2007.
17 They spent the next few months reviewing and identifying patents as candidates for the more
18 comprehensive cross-license agreement.

19     20. On information and belief, on or about February 27, 2007, Picolight and JDSU
20 agreed that JDSU would acquire Picolight.

21     21. On or about May 14, 2007, Mr. Hane communicated with Mr. Rawls to reiterate
22 that Picolight was continuing to abide by their January 2007 Agreement and that Finisar did not
23 have to pay royalties under the November 2003 Agreement, as Mr. Olsson and Mr. Jewell were
24 close to completing their work.

25     22. On information and belief, on or about May 29, 2007, JDSU completed its
26 acquisition of Picolight.

27     23. On information and belief, on or about May 29, 2007, JDSU acquired Picolight's
28 rights in the November 2003 Agreement and JDSU assumed Picolight's obligations under the

1  November 2003 Agreement. JDSU likewise acquired Picolight's rights and obligations subject to
2  the separate January 2007 Agreement.

3  24. After JDSU acquired Picolight, Mr. Olsson and Mr. Jewell continued their negotiations, with Mr. Jewell now negotiating on behalf of JDSU.

5  25. On August 21, 2007, Mr. Olsson and Mr. Jewell reached an agreement (the "August 2007 Agreement") on behalf of Finisar and JDSU through a series of emails and attached documents.

8  26. The parties' representatives then proceeded to prepare a more formal document that incorporated the terms of the August 2007 Agreement.

10  27. At some point in December 2007 or January 2008, JDSU unilaterally withdrew from that process.

12  28. On May 8, 2008, Finisar tendered to JDSU a check representing payment for royalties under the November 2003 Agreement for the period January 1, 2007 through December 31, 2007. This payment was paid under protest and without waiving Finisar's rights under the January 2007 and August 2007 Agreements, without conceding that any or all of the products included in the calculation of the payment amount actually fall within the definition of "HONEYWELL Licensed Products," and without waiving any other defenses available to Finisar.

19  29. On May 13, 2008, Finisar tendered to JDSU a check representing payment for royalties under the November 2003 Agreement for the period from January 1, 2008 through March 31, 2008. This payment was paid subject to the same reservation of rights as the payment made on May 8, 2008

## FIRST CLAIM

### Declaratory Judgment of No Infringement

25  30. By this reference, Finisar realleges and incorporates all of the preceding allegations of this Complaint as though fully set forth herein.

27  31. Through correspondence to Finisar, JDSU has made demands of Finisar for payment of royalties under the November 2003 Agreement, thereby placing Finisar under

1  apprehension of suit for infringement of the patents licensed in the November 2003 Agreement if
2  Finisar does not pay said royalties.

3      32.    Finisar is licensed under the PICOLIGHT Licensed Patents even if Finisar does
4  not pay the royalties demanded by JDSU, and therefore Finisar is not liable for infringement of
5  any of the PICOLIGHT Licensed Patents even if Finisar does not pay said royalties

## SECOND CLAIM

### Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment That Finisar Does Not Owe Any Royalties Under the November 2003 Agreement For Sales Made Before August 21, 2011 Because of Waiver

10      33.    By this reference, Finisar realleges and incorporates all of the preceding
11  allegations of this Complaint as though fully set forth herein.

12      34.    On January 29, 2007, Picolight waived any obligation for Finisar to pay royalties
13  under the November 2003 Agreement for at least the period up to August 21, 2007.

14      35.    JDSU acquired Picolight's rights and obligations under the November 2003
15  Agreement subject to Picolight's waiver.

16      36.    On August 21, 2007, JDSU waived any obligation for Finisar to pay royalties
17  under the November 2003 Agreement for at least four years.

18      37.    As a result, Finisar neither has nor has had any obligation to pay royalties under
19  the November 2003 Agreement for sales made before August 21, 2011, and royalties paid to
20  JDSU by Finisar under protest for sales made during that period should be refunded to Finisar.

## THIRD CLAIM

### Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment That Finisar Does Not Owe Any Royalties Under the November 2003 Agreement For Sales Made Before August 21, 2011 Because of Modification of the November 2003 Agreement

26      38.    By this reference, Finisar realleges and incorporates all of the preceding
27  allegations of this Complaint as though fully set forth herein.

-5-

39. On August 21, 2007, JDSU and Finisar agreed to modify the royalty provision of the November 2003 Agreement to waive any obligation for Finisar to pay royalties under the November 2003 Agreement for at least four years.

40. As a result, Finisar neither has nor has had any obligation to pay royalties under the November 2003 Agreement for sales made before August 21, 2011, and royalties paid to JDSU by Finisar under protest for sales made during that period should be refunded to Finisar.

## FOURTH CLAIM

### Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment That Finisar Does Not Owe Any Royalties Under the November 2003 Agreement For Sales Made Before August 21, 2011 Because of Estoppel

41. By this reference, Finisar realleges and incorporates all of the preceding allegations of this Complaint as though fully set forth herein.

42. On January 29, 2007, Picolight stated that Finisar would not be required to pay royalties under the November 2003 Agreement.

43. Finisar reasonably relied on Picolight's representations.

44. On August 21, 2007, JDSU stated that it agreed to waive any obligation for Finisar to pay royalties under the November 2003 Agreement for at least four years.

45. Finisar reasonably relied on JDSU's representations.

46. As a result, Finisar neither has nor has had any obligation to pay royalties under the November 2003 Agreement for sales made before August 21, 2011, and royalties paid to JDSU by Finisar under protest for sales made during that period should be refunded to Finisar.

## FIFTH CLAIM

### Declaratory Judgment That Finisar Does Not Owe Any Royalties For The Period Before January 1, 2007 Because Any Qualifying Sales Did Not Exceed The Threshold

47. By this reference, Finisar realleges and incorporates all of the preceding allegations of this Complaint as though fully set forth herein.

48. Even if there are products that contain or comprise VCSEL Components, the making, having made, using, selling, offering to sell, exporting, or importing of which product by

Finisar would infringe one or more valid and unexpired claims of the PICOLIGHT Licensed Patents but for the November 2003 Agreement, the Net Sales of such products for the period of January 1, 2004 through December 21, 2006 did not exceed the threshold set forth in section 3.2.1 of the November 2003 Agreement.

49. Therefore, Finisar neither has nor has had any obligation to pay royalties under the November 2003 Agreement for any sales made from January 1, 2004 through December 31, 2006.

## SIXTH CLAIM

### Declaratory Judgment That JDSU Cannot Terminate the License Under Section 2.2 of the November 2003 Agreement

50. By this reference, Finisar realleges and incorporates all of the preceding allegations of this Complaint as though fully set forth herein.

Because Finisar owes no royalties under the November 2003 Agreement, JDSU is precluded by the terms of section 4.2 of the November 2003 Agreement from terminating the license granted under section 2.2 of the November 2003 Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Finisar prays for judgment as follows.

A.    For judgment declaring that Finisar neither has nor has had any obligation to pay royalties under the November 2003 Agreement;

B.    For judgment in the amount of money that Finisar has paid under protest to JDSU as royalties under the November 2003 Agreement;

C.    For an order of this Court temporarily, preliminarily and permanently enjoining JDSU from terminating the license granted under section 2.2 of the November 2003 Agreement;

D.    Prejudgment interest;

E.    An award of Finisar's costs in bringing this action;

F.    An award of Finisar's attorneys' fees; and

G.   For such other and further relief as the Court deems just and equitable.

Dated: July 14, 2008            By: /s/

Ian N. Feinberg
Joseph Melnik
MAYER, BROWN, ROWE & MAW LLP
*Attorneys for Plaintiff*
*FINISAR CORPORATION*


Charles L. Roberts
C.J. Veverka
David R. Todd
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
*Of Counsel*


## DEMAND FOR JURY TRIAL

Plaintiff Finisar demands TRIAL BY JURY of all causes and/or issues so triable.

Dated: July 14, 2008            By: /s/

Ian N. Feinberg
Joseph Melnik
MAYER, BROWN, ROWE & MAW LLP
*Attorneys for Plaintiff*
*FINISAR CORPORATION*


Charles L. Roberts
C.J. Veverka
David R. Todd
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
*Of Counsel*

☙ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
FINISAR CORPORATION, a Delaware corporation

## DEFENDANTS
JDS UNIPHASE CORPORATION, a Delaware corporation

**(b)** County of Residence of First Listed Plaintiff - Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*ADR*
*E-FILING*

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ian N. Feinberg
Mayer, Brown, Rowe & Maw LLP
3000 El Camino Real
Palo Alto, CA 94306

Attorneys (If Known)
Santa Clara County

**C08  03388  HRL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sections 2201 & 2202

Brief description of cause:
Declaratory judgment of non-infringement of patent and return of monies paid under protest

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE                                   SIGNATURE OF ATTORNEY OF RECORD