KURT E. WILSON, ESQ. (121163)
BRAD D. BOSOMWORTH, ESQ. (132985)
**SWEENEY, MASON, WILSON & BOSOMWORTH**
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
Facsimile: (408) 354-8839

Attorneys for Defendant
JDS Uniphase Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINISAR CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JDS UNIPHASE CORPORATION, a Delaware Corporation,<br><br>    Defendants. | CASE NO. C 08-03388 HRL<br><br>**ANSWER TO COMPLAINT**<br><br>**REQUEST FOR JURY TRIAL** |

Defendant JDS Uniphase Corporation ("JDSU") hereby answers Finisar Corporation's ("Finisar") Complaint as follows:

**PARTIES**

1. Answering Paragraph 1 of the Complaint, Defendant admits the allegations contained therein.

2. Answering Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

**JURISDICTION AND VENUE**

3. Answering Paragraph 3 of the Complaint, Defendant admits that Finisar's complaint states that it seeks a declaratory judgment that Finisar does not infringe patents and a refund for monies paid to JDSU. As to the remaining allegations, at this time JDSU is without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations contained in said paragraph, and on that basis denies such allegations contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendant admits the allegations contained therein.

## INTRADISTRICT ASSIGNMENT

6. Answering Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## BACKGROUND

7. Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant admits the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

///

///

14. Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant admits the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant admits the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant admits the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Defendant admits the allegations set forth in the first sentence therein, and denies the allegations in the second sentence therein.

///

1    24.     Answering Paragraph 24 of the Complaint, Defendant admits the
2 allegations contained therein.

3    25.     Answering Paragraph 25 of the Complaint, Defendant denies the
4 allegations contained therein.

5    26.     Answering Paragraph 26 of the Complaint, Defendant denies the
6 allegations contained therein.

7    27.     Answering Paragraph 27 of the Complaint, Defendant admits that JDSU
8 withdrew from the negotiations.

9    28.     Answering Paragraph 28 of the Complaint, Defendant admits that Finisar
10 tendered to JDSU a check in an amount that it represented to JDSU is what Finisar owed
11 to JDSU under the 2003 Agreement (assuming no prior waiver by JDSU of its right to
12 receive royalty payments under the 2003 Agreement).

13   29.     Answering Paragraph 29 of the Complaint, Defendant admits that Finisar
14 tendered to JDSU a check in an amount that it represented to JDSU is what Finisar owed
15 to JDSU under the 2003 Agreement (assuming no prior waiver by JDSU of its right to
16 receive royalty payments under the 2003 Agreement).

## FIRST CLAIM

### Declaratory Judgment of No Infringement

19   30.     Answering Paragraph 30 of the Complaint, Defendant incorporates is
20 admissions and denials as stated above.

21   31.     Answering Paragraph 31 of the Complaint, Defendant admits that it
22 demanded that Finisar provide it with an audit/accounting as to what it owed JDSU under
23 the 2003 Agreement and that it pay what (if anything) it owed.  JDSU denies that Finisar
24 was under any "apprehension" as alleged therein.

25   32.     Answering Paragraph 32 of the Complaint, Defendant does not understand
26 these allegations and on that basis denies them.  Finisar has represented to JDSU that it
27 has made all royalty payments owing under the 2003 Agreement.
28 ///

**ANSWER TO COMPLAINT**                                                                 4

## SECOND CLAIM

**Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment that Finisar Does Not Owe Any Royalties Under the November 2003 Agreement for Sales Made Before August 21, 2011 Because of Waiver**

33. Answering Paragraph 33 of the Complaint, Defendant incorporates is admissions and denials as stated above.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

## THIRD CLAIM

**Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment that Finisar Does Not Owe any Royalties Under the November 2003 Agreement for Sales made Before August 21, 2011 Because of Modification of the November 2003 Agreement**

38. Answering Paragraph 38 of the Complaint, Defendant incorporates is admissions and denials as stated above.

39. Answering Paragraph 39 of the Complaint, Defendant denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, Defendant denies the allegations contained therein.

///

///

///

## FOURTH CLAIM

**Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment that Finisar Does not Owe Any Royalties Under the November 2003 Agreement for Sales made Before August 21, 2011 because of Estoppel**

41. Answering Paragraph 41 of the Complaint, Defendant incorporates is admissions and denials as stated above.

42. Answering Paragraph 42 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

## FIFTH CLAIM

**Declaratory Judgment that Finisar Does Not Owe any Royalties for the Period Before January 1, 2007 Because Any Qualifying Sales Did Not Exceed the Threshold**

47. Answering Paragraph 47 of the Complaint, Defendant incorporates is admissions and denials as stated above.

48. Answering Paragraph 48 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

///

1  49.  Answering Paragraph 49 of the Complaint, Defendant denies the
2 allegations contained therein.

### SIXTH CLAIM

### Declaratory Judgment that JDSU Cannot Terminate the License Under Section 2.2 of the November 2003 Agreement

50.  Answering Paragraph 50 of the Complaint, Defendant incorporates is admissions and denials as stated above. As to the second sentence, Defendant denies this allegation.

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from recovery on its claims for breach of contract by operation of the statute of frauds. Paragraph 8.3 of the November 2003 Agreement states:

> **Integration and Modification.** This agreement sets forth the entire agreement and understanding between the Parties on the subject matter hereof and merges all prior discussions and negotiations between them. This Agreement may be modified only by a writing signed by a duly authorized representative of each Party.

Paragraph 8.2 of the November 2003 Agreement states:

> **Waiver.** No term of this Agreement shall be deemed waived, and no breach excused, unless the waiver or excuse is in writing and signed by an office of the Party claimed to have waived or excused.

At no time was there any writing signed by the parties modifying or waiving JDSU's rights under the November 2003 Agreement.

### SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from recovering its damages, if any there are, under the principles of estoppel and/or waiver. Indeed, paragraph 8.3 of the November 2003 Agreement states:

> **Integration and Modification.** This agreement sets forth the entire agreement and understanding between the Parties on the subject matter hereof and merges all prior discussions and negotiations between them. This Agreement may be

1  modified only by a writing signed by a duly authorized representative of each Party.

Paragraph 8.2 of the November 2003 Agreement states:

**Waiver.** No term of this Agreement shall be deemed waived, and no breach excused, unless the waiver or excuse is in writing and signed by an office of the Party claimed to have waived or excused.

At no time was there any writing signed by the parties modifying or waiving JDSU's rights under the November 2003 Agreement. Additionally, Finisar's VP, Kurt Adzema, expressly represented and acknowledged in his October 25, 2007 email to JDSU that the August, 2007 negotiations between Finisar and JDSU were "non-binding" and that JDSU withdrew from the negotiations after Finisar sent JDSU's counsel "the first draft" of a proposed written agreement to be signed by the parties. Additionally, Finisar's Associate General Counsel by email sent April 13, 2008 expressly represented to JDSU the amounts it calculated that "would be due under the November 2003 Agreement." Shortly after that, Finisar tendered payments to JDSU consistent with its representations to JDSU as set forth in its Associate General Counsel's email. To date, Finisar has not informed JDSU to the effect that its prior representations/calculations were erroneous or false, and if so, specifically how/why its representations/calculations were erroneous or false.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff's claims be denied and it take nothing by way of relief.
2. For Defendant's costs of suit.
3. For such other relief as the Court deems appropriate.

Dated: August 4, 2008         **SWEENEY, MASON, WILSON & BOSOMWORTH**

By:_____/s/_____
    KURT E. WILSON, ESQ.,
    Attorneys for Defendant

///

///

**ANSWER TO COMPLAINT**                                                                 8

## **REQUEST FOR JURY TRIAL**

Defendant requests trial by jury to the extent authorized by law.

Dated: August 4, 2008             **SWEENEY, MASON, WILSON & BOSOMWORTH**

By: _____/s/_____
KURT E. WILSON, ESQ.,
Attorneys for Defendant