IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINISAR CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>JDS UNIPHASE CORPORATION,<br><br>    Defendant<br>_____/ | No. C 08-3388 MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATION AND JOINT APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

    Before the Court is the parties "Stipulation and Joint Application to File Documents Under Seal Pursuant to Local Rule 79-5," filed September 25, 2008. By said document, the parties jointly request that defendant be afforded leave to file under seal the entirety of three declarations offered in support of defendant's motion for summary judgment, for the asserted reason that each such declaration "contain[s] confidential business information."

    "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id. "A stipulation . . . will not suffice to allow the filing of documents under seal." Id.

    Here, the parties fail to identify, even in a cursory manner, the reason why the three declarations contain confidential information. Because the declarations address, in part,

negotiations to amend a licensing agreement, it would appear that the parties are of the view that at least certain aspects of those negotiations are confidential.  In previous filings, however, each of the parties has placed in the public record a number of factual assertions regarding such negotiations.  (See, e.g., Compl. ¶¶ 16-19, 24-27; Def.'s Mot. at 2:27 - 3:9, 7:6 - 8:11.)  In any event, even if one or more of the subject declarations contains some confidential information, either regarding the parties' negotiations or otherwise, a request to seal must be "narrowly tailored," i.e., unless the entirety of the document is shown to be sealable, defendant must file in the public record a redacted version thereof.

Accordingly, the stipulation and joint application is hereby DENIED, without prejudice to the parties' filing a renewed stipulation, supported by a declaration or declarations establishing why the material defendant seeks to file under seal is "privileged or protectable as a trade secret or otherwise entitled to protection under the law,"[1] and, to the extent the entirety of the document is not properly sealable, defendants' filing in the public record a redacted version thereof.  See Civil L.R. 79-5(a).  Any such renewed stipulation or motion, as well as redacted versions of the subject declarations, shall be filed no later than October 6, 2008.[2]

**IT IS SO ORDERED**.

Dated:  September 29, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] In the event any or all of the material defendant seeks to file under seal has been designated as confidential by plaintiff, defendant need only state such fact in a supporting declaration, whereafter plaintiff must, within five days thereafter, file a declaration that establishes why such material is properly sealable.  See Civil L.R. 79-5(d).

[2] Defendant need not resubmit the originals or chambers copies of the subject declarations; the Court will retain such documents pending submission of a renewed stipulation or motion.

2