1    KURT E. WILSON, ESQ. (121163)
     BRAD D. BOSOMWORTH, ESQ. (132985)
2    **SWEENEY, MASON, WILSON & BOSOMWORTH**
     A Professional Law Corporation
3    983 University Avenue, Suite 104C
     Los Gatos, CA  95032-7637
4    Telephone:  (408) 356-3000
     Facsimile:  (408) 354-8839
5    kwilson@smwb.com

6    Attorneys for Defendant
     JDS Uniphase Corporation

7

8              UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   FINISAR CORPORATION, a<br>Delaware Corporation, | CASE NO.  C 08-03388 MMC |
| 11          Plaintiff, | **STIPULATION AND ~~[PROPOSED]~~ ORDER GRANTING LEAVE FOR DEFENDANT TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |
| 12   v. | |
| 13   JDS UNIPHASE CORPORATION, a | |
| 14   Delaware Corporation, | |
| 15          Defendants. | |

16

17        Defendant JDS Uniphase Corporation ("JDSU") hereby requests the Court's leave

18 to amend its Answer to First Amended Complaint filed herein.  Plaintiff Finisar has

19 agreed and hereby stipulates to the amendment.  A copy of the Amended Answer to First

20 Amended Complaint is attached hereto as **Exhibit A.**

21        The proposed amendment merely removes the reference to paragraphs 8.2 and 8.3

22 of the November 2003 Agreement in the First Affirmative Defense and withdraws the

23 estoppel defense from the Second Affirmative Defense.

24 ///

25 ///

26 ///

27 ///

28 ///

1    This amendment is being sought in response to the parties' discussions to reduce

2  issues in this case and avoid unnecessary motion practice.  As such, Plaintiff Finisar

3  Corporation stipulates to this motion.  JDSU submits that this amendment will not affect

4  any deadlines or conferences already scheduled in this matter.

5  Dated:  December 15, 2008                  SWEENEY, MASON, WILSON
                                              & BOSOMWORTH
6

7

8                                             By:_____/s/_____
                                                 KURT E. WILSON, ESQ.,
                                                 Attorneys for Defendant
9

10  Dated: December *15*, 2008                WORKMAN | NYDEGGER

11

12                                            By: _____
                                                 CHARLES L. ROBERTS, ESQ.,
13                                               Attorneys for Plaintiff

14

15       IT IS HEREBY ORDERED that, pursuant to the parties' stipulation, Defendant

16  JDS Uniphase is granted leave to file its Amended Answer to First Amended Complaint

17  attached hereto as **Exhibit A.**   IT IS FURTHER ORDERED that defendant shall file
    its Amended Answer to First Amended Complaint no later than December 24, 2008.
18

19  Dated:  December 18, 2008     _____
                                  JUDGE MAXINE M. CHESNEY
20

21

22

23

24

25

26

27

28

[PROPOSED] AMENDED ANSWER TO FIRST AMENDED COMPLAINT                              2

# EXHIBIT A

# EXHIBIT A

1   KURT E. WILSON, ESQ. (121163)
    BRAD D. BOSOMWORTH, ESQ. (132985)
2   **SWEENEY, MASON, WILSON & BOSOMWORTH**
    A Professional Law Corporation
3   983 University Avenue, Suite 104C
    Los Gatos, CA  95032-7637
4   Telephone:  (408) 356-3000
    Facsimile:  (408) 354-8839
5   kwilson@smwb.com

6   Attorneys for Defendant
    JDS Uniphase Corporation
7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  FINISAR CORPORATION, a            CASE NO.  C 08-03388 HRL
    Delaware Corporation,
11                                    **[PROPOSED] AMENDED ANSWER
            Plaintiff,                TO FIRST AMENDED COMPLAINT
12                                    FOR DECLARATORY JUDGMENT
    v.                                AND REFUND OF ROYALTIES PAID
13                                    UNDER PROTEST**

    JDS UNIPHASE CORPORATION, a
14  Delaware Corporation,

15          Defendants.

16

17          Defendant JDS Uniphase Corporation ("JDSU") hereby answers Finisar

18  Corporation's ("Finisar") First Amended Complaint for Declaratory Judgment and

19  Refund of Royalties Paid Under Protest (the "First Amended Complaint") as follows:

20                              **PARTIES**

21          1.      Answering Paragraph 1 of the First Amended Complaint, Defendant admits

22  the allegations contained therein.

23          2.      Answering Paragraph 2 of the First Amended Complaint, Defendant admits

24  the allegations contained therein.

25                      **JURISDICTION AND VENUE**

26          3.      Answering Paragraph 3 of the First Amended Complaint, Defendant admits

27  that Finisar's complaint states that it seeks a declaratory judgment that Finisar does not

28  infringe patents and a refund for monies paid to JDSU.  As to the remaining allegations,

    [PROPOSED] AMENDED ANSWER TO FIRST AMENDED COMPLAINT                    1

1 | at this time JDSU is without sufficient knowledge or information to form a belief as to

2 | the truth of the remaining allegations contained in said paragraph, and on that basis

3 | denies such allegations contained therein.

4 |     4.    Answering Paragraph 4 of the First Amended Complaint, Defendant admits

5 | the allegations contained therein.

6 |     5.    Answering Paragraph 5 of the First Amended Complaint, Defendant admits

7 | the allegations contained therein.

8 | **INTRADISTRICT ASSIGNMENT**

9 |     6.    Answering Paragraph 6 of the First Amended Complaint, Defendant is

10 | without sufficient knowledge or information to form a belief as to the truth of the

11 | allegations contained in said paragraph, and on that basis denies each and every

12 | allegation contained therein.

13 | **BACKGROUND**

14 |     7.    Answering Paragraph 7 of the First Amended Complaint, Defendant is

15 | without sufficient knowledge or information to form a belief as to the truth of the

16 | allegations contained in said paragraph, and on that basis denies each and every

17 | allegation contained therein.

18 |     8.    Answering Paragraph 8 of the First Amended Complaint, Defendant admits

19 | the allegations contained therein.

20 |     9.    Answering Paragraph 9 of the First Amended Complaint, Defendant admits

21 | the allegations contained therein.

22 |     10.    Answering Paragraph 10 of the First Amended Complaint, Defendant

23 | admits the allegations contained therein.

24 |     11.    Answering Paragraph 11 of the First Amended Complaint, Defendant

25 | admits the allegations contained therein.

26 |     12.    Answering Paragraph 12 of the First Amended Complaint, Defendant

27 | admits the allegations contained therein.

28 | ///

13.   Answering Paragraph 13 of the First Amended Complaint, Defendant admits the allegations contained therein.

14.   Answering Paragraph 14 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.   Answering Paragraph 15 of the First Amended Complaint, Defendant admits the allegations contained therein.

16.   Answering Paragraph 16 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17.   Answering Paragraph 17 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.   Answering Paragraph 18 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.   Answering Paragraph 19 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20.   Answering Paragraph 20 of the First Amended Complaint, Defendant admits the allegations contained therein.

///

///

21. Answering Paragraph 21 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. Answering Paragraph 22 of the First Amended Complaint, Defendant admits the allegations contained therein.

23. Answering Paragraph 23 of the First Amended Complaint, Defendant admits the allegations set forth in the first sentence therein, and denies the allegations in the second sentence therein.

24. Answering Paragraph 24 of the First Amended Complaint, Defendant admits the allegations contained therein.

25. Answering Paragraph 25 of the First Amended Complaint, Defendant denies the allegations contained therein.

26. Answering Paragraph 26 of the First Amended Complaint, Defendant denies the allegations contained therein.

27. Answering Paragraph 27 of the First Amended Complaint, Defendant admits that JDSU withdrew from the negotiations.

28. Answering Paragraph 28 of the First Amended Complaint, Defendant admits that Finisar tendered to JDSU a check in an amount that it represented to JDSU is what Finisar owed to JDSU under the 2003 Agreement (assuming no prior waiver by JDSU of its right to receive royalty payments under the 2003 Agreement).

29. Answering Paragraph 29 of the First Amended Complaint, Defendant admits that Finisar tendered to JDSU a check in an amount that it represented to JDSU is what Finisar owed to JDSU under the 2003 Agreement (assuming no prior waiver by JDSU of its right to receive royalty payments under the 2003 Agreement).

///

///

///

1

## FIRST CLAIM

2

## Declaratory Judgment of No Infringement

3      30.     Answering Paragraph 30 of the First Amended Complaint, Defendant

4  incorporates is admissions and denials as stated above.

5      31.     Answering Paragraph 31 of the First Amended Complaint, Defendant

6  admits that it demanded that Finisar provide it with an audit/accounting as to what it

7  owed JDSU under the 2003 Agreement and that it pay what (if anything) it owed.  JDSU

8  denies that Finisar was under any "apprehension" as alleged therein.

9      32.     Answering Paragraph 32 of the First Amended Complaint, Defendant does

10  not understand these allegations and on that basis denies them.  Finisar has represented to

11  JDSU that it has made all royalty payments owing under the 2003 Agreement.

12

## SECOND CLAIM

13

## Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment that

14

## Finisar Does Not Owe Any Royalties Under the November 2003 Agreement for Sales

15

## Made Before August 21, 2011 Because of Waiver

16      33.     Answering Paragraph 33 of the First Amended Complaint, Defendant

17  incorporates is admissions and denials as stated above.

18      34.     Answering Paragraph 34 of the First Amended Complaint, Defendant

19  denies the allegations contained therein.

20      35.     Answering Paragraph 35 of the First Amended Complaint, Defendant

21  denies the allegations contained therein.

22      36.     Answering Paragraph 36 of the First Amended Complaint, Defendant

23  denies the allegations contained therein.

24      37.     Answering Paragraph 37 of the First Amended Complaint, Defendant

25  denies the allegations contained therein.

26  ///

27  ///

28  ///

[PROPOSED] AMENDED ANSWER TO FIRST AMENDED COMPLAINT                    5

1

## THIRD CLAIM

2

**Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment that**

3

**Finisar Does Not Owe any Royalties Under the November 2003 Agreement for Sales**

4

**made Before August 21, 2011 Because of Modification of the November 2003**

5

**Agreement**

6      38.     Answering Paragraph 38 of the First Amended Complaint, Defendant

7   incorporates is admissions and denials as stated above.

8      39.     Answering Paragraph 39 of the First Amended Complaint, Defendant

9   denies the allegations contained therein.

10      40.     Answering Paragraph 40 of the First Amended Complaint, Defendant

11   denies the allegations contained therein.

12

## FOURTH CLAIM

13

**Refund for Monies Paid Under the 2003 Agreement and Declaratory Judgment that**

14

**Finisar Does not Owe Any Royalties Under the November 2003 Agreement for Sales**

15

**made Before August 21, 2011 because of Estoppel**

16      41.     Answering Paragraph 41 of the First Amended Complaint, Defendant

17   incorporates is admissions and denials as stated above.

18      42.     Answering Paragraph 42 of the First Amended Complaint, Defendant is

19   without sufficient knowledge or information to form a belief as to the truth of the

20   allegations contained in said paragraph, and on that basis denies each and every

21   allegation contained therein.

22      43.     Answering Paragraph 43 of the First Amended Complaint, Defendant is

23   without sufficient knowledge or information to form a belief as to the truth of the

24   allegations contained in said paragraph, and on that basis denies each and every

25   allegation contained therein.

26      44.     Answering Paragraph 44 of the First Amended Complaint, Defendant

27   denies the allegations contained therein.

28   ///

45.     Answering Paragraph 45 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

46.     Answering Paragraph 46 of the First Amended Complaint, Defendant denies the allegations contained therein.

## FIFTH CLAIM

### Declaratory Judgment that Finisar Does Not Owe any Royalties for the Period Before January 1, 2007 Because Any Qualifying Sales Did Not Exceed the Threshold

47.     Answering Paragraph 47 of the First Amended Complaint, Defendant incorporates is admissions and denials as stated above.

48.     Answering Paragraph 48 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49.     Answering Paragraph 49 of the First Amended Complaint, Defendant denies the allegations contained therein.

## SIXTH CLAIM

### Declaratory Judgment that JDSU Cannot Terminate the License Under Section 2.2 of the November 2003 Agreement

50.     Answering Paragraph 50 of the First Amended Complaint, Defendant incorporates is admissions and denials as stated above.  As to the second sentence, Defendant denies this allegation.

51.     Answering Paragraph 51 of the First Amended Complaint, Defendants denies the allegations contained therein.

///

///

///

## FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from recovery on its claims for breach of contract by operation of the statute of frauds.

## SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from recovering its damages, if any there are, under the principle of waiver. Indeed, paragraph 8.3 of the November 2003 Agreement states:

> **Integration and Modification.** This agreement sets forth the entire agreement and understanding between the Parties on the subject matter hereof and merges all prior discussions and negotiations between them. This Agreement may be modified only by a writing signed by a duly authorized representative of each Party.

Paragraph 8.2 of the November 2003 Agreement states:

> **Waiver.** No term of this Agreement shall be deemed waived, and no breach excused, unless the waiver or excuse is in writing and signed by an office of the Party claimed to have waived or excused.

At no time was there any writing signed by the parties modifying or waiving JDSU's rights under the November 2003 Agreement. At no time did the parties agree that paragraphs 8.2 and 8.3 would not be enforced or could or should be ignored. Additionally, Finisar's VP, Kurt Adzema, expressly represented and acknowledged in his October 25, 2007 email to JDSU that the August, 2007 negotiations between Finisar and JDSU and resulting Outline were "**non-binding**." Moreover, on August 27, 2007, Finisar's lawyer, Janna Lewis, sent JDSU's lawyer, Jeremiah Chan, an email informing him that she would represent Finisar as it relates to the "current negotiations for the proposed agreement" with JDSU. Additionally, Finisar's Associate General Counsel by email sent April 13, 2008 expressly represented to JDSU the amounts it calculated that "would be due under the November 2003 Agreement." Shortly after that, Finisar tendered payments to JDSU consistent with its representations to JDSU as set forth in its Associate General Counsel's email. To date, Finisar has not informed JDSU to the effect

1   that its prior representations/calculations were erroneous or false, and if so, specifically

2   how/why its representations/calculations were erroneous or false.  Finisar continues to

3   make royalty payments to JDSU under the November 2003 Agreement, and continues to

4   represent to JDSU that the amount of its payments comply with the terms of the

5   November 2003 Agreement.

## PRAYER FOR RELIEF

7         WHEREFORE, Defendant prays for relief as follows:

8         1.       That Plaintiff's claims be denied and it take nothing by way of relief.

9         2.       For Defendant's costs of suit.

10       3.       For such other relief as the Court deems appropriate.

11   Dated: December 12, 2008             **SWEENEY, MASON, WILSON**
                                        **& BOSOMWORTH**

13

                                    By:_____/s/_____

14                                     KURT E. WILSON, ESQ.,
                                    Attorneys for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**[PROPOSED] AMENDED ANSWER TO FIRST AMENDED COMPLAINT**           9

that its prior representations/calculations were erroneous or false, and if so, specifically how/why its representations/calculations were erroneous or false.  Finisar continues to make royalty payments to JDSU under the November 2003 Agreement, and continues to represent to JDSU that the amount of its payments comply with the terms of the November 2003 Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.    That Plaintiff's claims be denied and it take nothing by way of relief.

2.    For Defendant's costs of suit.

3.    For such other relief as the Court deems appropriate.

Dated:  December 15, 2008            **SWEENEY, MASON, WILSON**
                                     **& BOSOMWORTH**


By:_____/s/_____
KURT E. WILSON, ESQ.,
Attorneys for Defendant