IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINISAR CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>JDS UNIPHASE CORPORATION,<br><br>    Defendant<br>_____/ | No. C 08-3388 MMC<br><br>**ORDER AFFORDING PARTIES OPPORTUNITY TO FILE SUPPLEMENTAL BRIEFS RE: SUBJECT MATTER JURISDICTION; CONTINUING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is defendant JDS Uniphase Corporation's ("JDSU") "Motion for Summary Judgment, or in the Alternative, Summary Adjudication," filed December 16, 2008. Plaintiff Finisar Corporation ("Finisar") has filed opposition, to which JDSU has replied. Having read and considered the parties' respective submissions, the Court finds it appropriate to afford the parties leave to file supplemental briefs with respect to the issue of subject matter jurisdiction.

    By the instant action, Finisar seeks a judicial declaration that Finisar would have, in essence, a valid defense to an action JDSU previously threatened to file against Finisar. In its motion, JDSU argues the Court lacks subject matter jurisdiction for the reason that no case or controversy currently exists and, alternatively, that Finisar's claims fail on their merits. Although the Court is not persuaded that it lacks subject matter jurisdiction for the reasons specified by JDSU, it appears from the record before the Court that subject matter jurisdiction is lacking for the reason that no federal question is raised by Finisar's complaint.

1  "When the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action . . . which will determine whether there is federal-question jurisdiction in the District Court."  <u>Public Service Commission v. Wycoff</u>, 344 U.S. 237, 248 (1952).  Here, it is undisputed that JDSU threatened to file against Finisar a complaint in state court captioned "Complaint for Breach of Contract," in which JDSU, based on an allegation that Finisar breached the parties' license agreement by not paying royalties due thereunder, would seek "compensatory damages" and a declaration that JDSU is entitled to conduct an audit under the terms of said license agreement.  (<u>See</u> Yamalova Decl., filed January 30, 2009, Ex. E.)  Such claims do not arise under federal law.  <u>See</u> <u>Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.</u>, 755 F. 2d 1559, 1562 (Fed. Cir. 1985) (holding claim by patent licensor against licensee "seek[ing] recovery of royalties" or for "damages for a breach of a license's covenants" is not a claim arising under federal law).  Consequently, federal question jurisdiction appears to be lacking.

Because lack of federal question jurisdiction is not a ground on which JDSU's motion relied, the Court will afford Finisar leave to file a supplemental opposition and will afford JDSU leave to file a supplemental reply thereto.

Accordingly,

1. No later than March 6, 2009, Finisar shall file any supplemental opposition, not to exceed ten pages in length exclusive of exhibits.

2. No later than March 20, 2009, JDSU shall file any supplemental reply, not to exceed ten pages in length exclusive of exhibits.

3. The hearing on JDSU's motion is hereby CONTINUED from February 20, 2009 to April 3, 2009.

**IT IS SO ORDERED**.

Dated: February 17, 2009

_____
MAXINE M. CHESNEY
United States District Judge