IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINISAR CORP.,  
        Plaintiff,  
  vs.  
JDS UNIPHASE CORP.,  
        Defendant.  
                                    /

No. C 08-03388 MMC

**ORDER RE DISCOVERY DISPUTE**

## I.    INTRODUCTION

This case involves, in large part, whether a document created by the parties on August 21, 2007 entitled "Outline of Picolight/JDSU/Finisar Agreement" (the "August 2007 Document") is a binding contract that modifies the parties' rights and obligations under a prior written contract. On March 4, 2009, Defendant JDS Uniphase Corp. ("JDSU") and Plaintiff Finisar Corp. filed a Joint Letter regarding a discovery dispute concerning Finisar's objections to two interrogatories that JDSU propounded. (Dkt. #93.) Having considered the parties' arguments in the Joint Letter, the Court now rules as follows.

## II.    DISCUSSION

**A.    The Discovery Request**

The two interrogatories currently in dispute read:

> Interrogatory No. 24:
> Identify separately by patent number each and every one of your patents, and for each state whether or not you contend it is within the scope of the August 2007 Agreement alleged by you in your amended complaint.
>
> Interrogatory No. 25:
> Identify by patent number every JDSU patent that you contend is

**United States District Court**
For the Northern District of California

1  within the scope of the August 2007 Agreement alleged by you in your amended complaint.

(*Id*. at 1.) In its Responses, Finisar objected to both interrogatories as ambiguous, overbroad, irrelevant, and burdensome. (*Id.*, Ex. A at 2-3.) JDSU now seeks an order compelling Finisar to respond to interrogatories numbers 24 and 25 "by identifying which specific patents it contends are within the scope of the contract that Finisar has alleged in its pleadings as the 'August 2007 Agreement.'" (*Id.* at 2.)

### B.    JDSU's Position

In support of its request, JDSU explains that its position in this case is that the August 2007 Document cannot be a binding contract because there are many terms that were left to be negotiated by the parties. (*Id*.) Particularly, JDSU contends that the August 2007 Document is incomplete because the parties never agreed on which of their hundreds of patents would be subject to any agreement, and cites to the "scope" provision in the Document as illustrative of that ambiguity. This provision reads: "All patents related to transceivers, transponders, modules, components and chips for use in optical data transmission applications." (*Id*.) Thus, JDSU contends that Finisar's refusal to respond to interrogatories 24 and 25 is unjustified because: (1) they seek Finisar's contentions as to the specific terms of the contract that Finisar claims was formed and seeks to enforce in this lawsuit; and (2) the information is discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1). (*Id*. at 3.)

### C.    Finisar's Position

Finisar opposes the discovery request on four bases. First, Finisar contends that the requests are unduly burdensome because, to compile the list in response to the interrogatories, it would have to review every claim in each of its approximately 900 patents, as well as each of the claims in JDSU's hundreds of patents. (*Id*.) Next, Finisar contends that the requests call for a legal conclusion, in that, to respond to the requests, it would have to first construe the language in each claim and then determine whether each claim embraces the device, method, or subject matter in question. (*Id*. at 2-3.) Third, Finisar argues that the discovery JDSU seeks is unnecessary to JDSU's

defense. Specifically, it asserts that, if JDSU wants to argue that the "scope" provision is ambiguous, nothing prevents JDSU from offering testimony from a licensing expert or from reviewing the parties' patent portfolios itself to make its point. (*Id*. at 4.) Fourth, Finisar argues that the discovery requests do not lead to relevant evidence.

**D.     Ruling**

The Court has considered the parties' arguments and reviewed the materials submitted in support. The Court finds that interrogatories 24 and 25 seek discovery relevant JDSU's defense that the August 2007 Document is not an enforceable contract. With respect to Finisar's objections that the requests are unduly burdensome and unnecessary, the Court agrees with Finisar that there are other less burdensome ways for JDSU to seek the discovery that interrogatories 24 and 25 target. (*Id*. at 4.) Accordingly, the Court will order Finisar to file a verified declaration under oath stating - consistent with its representations at page 3 in the Joint Letter - (1) that the scope provision in the August 2007 Document does not list specific patents, and (2) explaining the steps it would have to undertake to determine which patents are covered by the August 2007 Document.

### III.     CONCLUSION

Based on the foregoing analysis, the Court ORDERS as follows:

1.     JDSU's request to compel further responses to interrogatories Numbers 24 and 25 is **GRANTED** as follows: Finisar shall file a verified declaration under oath stating - consistent with its representations at page 3 in the Joint Letter - that (1) the scope provision in the August 2007 Document does not list specific patents, and (2) explaining the steps it would have to undertake to determine which patents are covered by the August 2007 Document.

2.     Finisar shall have 20 days from the date of this Order to file its verified declaration.

**IT IS SO ORDERED.**

Dated: March 20, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

Page 3 of 3